IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**AZIZA NELSON**,
individually and on behalf of
all those similarly situated,

        Plaintiff,

        v.

**PAN-O-GOLD BAKING COMPANY**
c/o CT Corporation System
301 S. Bedford St., Ste. 1
Madison, WI 53703

        Defendant.

Case No.: 22-cv-125

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Individual and Representative Plaintiff, Aziza Nelson ("Plaintiff"), on her own behalf and on behalf of the members of the proposed classes identified below. During the three years preceding this lawsuit, Plaintiff was employed by Pan-O-Gold Baking Company ("Defendant") as a moulder operator for Defendant. During her employment, Plaintiff was denied regular and overtime wages under an illegal pay policy. Under this policy, Defendant provided Plaintiff and other similarly-situated employees unpaid breaks during the workday. Defendant required these employees to clock out during these breaks and deducted any breaks of 13 minutes or longer from their pay. These deductions violated the Fair Labor Standards Act (FLSA), which requires employees

to be compensated for short breaks of less than 20 minutes, and Wisconsin wage-and-hour law, which requires employees to be compensated for short rest periods of less than 30 minutes. Plaintiff and the putative class and collective class members (defined below) are similarly situated under Federal Rule of Civil Procedure 23 and the FLSA as they commonly suffered, and continue to suffer, wage losses as a result of Defendant's illegal pay policy.

## JURISDICTION AND VENUE

2.      The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

3.      Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

4.      Plaintiff Aziza Nelson is an adult resident of Cottage Grove, Wisconsin. Plaintiff was employed as a moulder operator by Defendant during the three years preceding this Complaint until August 2021. Plaintiff was classified as FLSA non-exempt in this position and paid hourly wages, including overtime wages. Plaintiff has consented in writing to assert claims for overtime wages under the FLSA. Her consent form is filed as **Exhibit A**.

5.      Defendant, Pan-O-Gold Baking Company, is a domestic business with its principal place of business in St. Cloud, Minnesota.  Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d). Defendant's registered agent for service of process is CT Corporation, 301 S. Bedford St. Suite 1, Madison, Wisconsin.

## FACTUAL ALLEGATIONS

6.      Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members are or were employed by Defendant.

7.      Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the putative class members were classified by Defendant as non-exempt from overtime wages.

8.      Throughout the three-year period preceding the filing of this Complaint, Defendant permitted Plaintiff and the putative class members to take short breaks during the workday.

9.      Throughout the three-year period preceding the filing of this Complaint, Defendant required Plaintiff and the putative class members to punch out during these breaks.

10.      Defendant's punch clock used a thumbprint scanner, which required Plaintiff and the putative class members to wash their hands at the beginning of their breaks because their hands were covered in flour and dough.

11.    Although the punch clock was located near the break room, Defendant considered Plaintiff and the putative class members to have punched out beginning at the time that they left their work stations, and to have punched back in at the time that they returned to their work stations, not at the times that they actually punched in or out.

12.    Throughout the three-year period preceding the filing of this Complaint, Defendant deducted any breaks of 13 minutes or longer taken by Plaintiff and the putative class members from their pay.

13.    Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are employed by Pan-O-Gold Baking Company at its Sun Prairie, Wisconsin facility, and who were classified as non-exempt from overtime wages, at any time during the past three years; and who had breaks of less than 20 minutes deducted from their pay by Pan-O-Gold.

14.    Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees, pursuant to Federal Rule of Civil Procedure 23. The **Unpaid Wage Class** is defined as:

> All persons who have been or are employed by Pan-O-Gold Baking Company at its Sun Prairie, Wisconsin facility, and who were classified as non-exempt from overtime wages, at any time during the past two years; and who had breaks of less than 30 minutes deducted from their pay by Pan-O-Gold.

## CLASS ALLEGATIONS

15.    Plaintiff brings the Second Claim for Relief on her own behalf and on behalf of the Unpaid Wage Class, as defined in paragraph 14, *supra*, pursuant to Federal Rule of Civil Procedure 23(a) and (b).

16.    The persons in the Unpaid Wage Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 100 people who satisfy this class definition.

17.    There are questions of law and fact common to the Unpaid Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

(a) Whether Defendant maintained a common practice and policy of unlawfully failing to pay wages to Plaintiff and members of the putative class for breaks of less than 30 minutes;

(b) Whether Defendant maintained a common practice and policy of unlawfully failing to pay overtime wages to Plaintiff and members of the putative class for breaks of less than 30 minutes;

(c) The nature and amount of compensable work performed by Plaintiff and members of the putative class;

(d) The proper measure of damages sustained by Plaintiff and members of the putative class.

18.    Plaintiff's claims are typical of those of the Unpaid Wage Class. Plaintiff, like other members of the Unpaid Wage Class, was subjected to Defendant's illegal

pay policy and practice resulting in a wage loss, including Defendant's policy of refusing to pay regular and overtime wages for compensable time worked in violation of Wisconsin law.

19.    Plaintiff will fairly and adequately protect the interests of the Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

20.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

21.    Certification of the Unpaid Wage Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the Unpaid Wage Class predominate over any questions affecting only individual members of the Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policy and practice denied the Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

22.     Plaintiff intends to send notice to all members of the Unpaid Wage Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

23.     Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

24.     Plaintiff and members of the Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

25.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less that one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

26.     The FLSA requires that short breaks of up to 20 minutes must be paid as hours worked. 29 C.F.R. § 785.18.

27.     During the applicable statute of limitations up to and continuing through the present, Plaintiff and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation, including time spent on short breaks of less than 20 minutes.

28.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. §§ 206 and 207. Because of these violations, Plaintiff and members of the Collective Class have suffered and continue to suffer wage loss.

29.    Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the Collective Class overtime and minimum wages in violation of the FLSA.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW**

30.    Plaintiff, individually and on behalf of the Unpaid Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

31.    The foregoing conduct, as alleged, violates, Wis. Stat. §§ 103.02 and 109.03 and Wis. Admin. Code § DWD 274.03.

32.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

33.    At all relevant times, Plaintiff and members of the putative Unpaid Wage Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

34.    Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. §103.02; Wis. Admin. Code § DWD 274.03.

35.    Wisconsin law requires employers to pay all wages earned within 31 days of when they are earned. Wis. Stat. § 109.03.

36.    Plaintiff and members of the Unpaid Wage Class are not exempt from the overtime pay requirements of Wisconsin law.

37.    Wisconsin law requires that short breaks of up to 30 minutes must be counted as hours worked. Wis. Admin. Code § DWD 272.12(2)(c)1.

38.    During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to pay all overtime wages to Plaintiff and members of the Unpaid Wage Class for those weeks in which they worked in excess of 40 hours by failing to pay wages for time spent on short breaks of less than 30 minutes.

39.    During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to pay wages, including overtime wages, to Plaintiff and members of the putative Unpaid Wage Class for hours they worked.

40.    As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiff and members of the putative Unpaid Wage Class, Defendant has violated, and continues to violate, Wis. Stat. §§ 103.03 and 109.03, and Wis. Admin. § DWD 274.03.

41.    Plaintiff, on behalf of herself and members of the Unpaid Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

42.    Plaintiff, on behalf of herself and members of the putative Unpaid Wage Class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

WHEREFORE, Plaintiff, on behalf of herself and all members of the Collective Class and Unpaid Wage Class, prays for the following relief:

A.    An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class as defined above;

B.    An order certifying this action as a class action on behalf of the proposed Unpaid Wage Class under Fed. R. Civ. P. 23(b)(3);

C.    An order designating Aziza Nelson as representative of the Unpaid Wage Class;

D.    An order designating Hawks Quindel, S.C. as class counsel;

E.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F.    An order finding that Defendant violated the FLSA and Wisconsin wage-and-hour laws;

G.    Judgment against Defendant in the amount equal to Plaintiff's, the Collective Class's, and the Unpaid Wage Class's unpaid back wages at the applicable regular and overtime rates;

H.    An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

I.    An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

J.    Leave to amend the Complaint to add additional claims; and

K.    Such further relief as the Court deems just and equitable.

Respectfully submitted this 8th day of March, 2022.

Attorneys for the Plaintiff

By: _/s/David C. Zoeller_____
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Aaron J. Bibb, State Bar No. 1104662
Email: abibb@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236