## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims, along with all exhibits hereto (collectively, "Agreement"), is entered into by and between Pan-O-Gold Baking Company ("Defendant") and Aziza Nelson ("Class Representative"), for herself and on behalf of a class and collective class of all similarly situated employees, in the case of *Nelson v. Pan-O-Gold Baking Company*, No. 22-cv-125, filed in the United States District Court for the Western District of Wisconsin ("Lawsuit").

## RECITALS

WHEREAS, Class Representative filed the Lawsuit under the Fair Labor Standards Act ("FLSA") and Wisconsin wage payment and overtime laws as a class and collective action to recover unpaid wages against Defendant on March 8, 2022;

WHEREAS, Defendant filed an Answer denying the material allegations in the Complaint on April 18, 2022;

WHEREAS, Class Representative is represented in the Lawsuit by attorneys from the law firm of Hawks Quindel, S.C. ("Class Counsel"), who have conducted a thorough investigation of the facts pertinent to the allegations in the Complaint and have likewise investigated the law regarding the claims against Defendant and asserted defenses;

WHEREAS, Class Representative recognizes the risks and expense associated with a trial of her claims and any further appeals that may follow and the uncertainty

inherent in complex litigation, and has concluded that the settlement set forth in this Agreement is in her best interests and the best interests of the Classes;

WHEREAS, Defendant denies that it is liable to the Class Representative or the Classes and denies that its actions violated the FLSA or Wisconsin wage-and-hour laws. Defendant's counsel has conducted a thorough investigation of the facts pertinent to the allegations in the Complaint and likewise investigated the law regarding the claims against Defendant and the asserted defenses. Defendant is willing to enter into this Agreement to avoid the further expense, uncertainty, and inconvenience of litigation, and has concluded that it is in its best interest to resolve and settle all claims which have been made, or could be made, against it by the Classes arising out of the matters alleged in the Complaint and Defendant's alleged violations of the FLSA and Wisconsin wage-and-hour laws; and

WHEREAS, the parties have agreed to settle this case as to the FLSA collective and Rule 23 Classes (collectively "Class Members"), as identified in **Exhibit A** to this Agreement;

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

1. **CLASS DEFINITIONS**. For purposes of this settlement only, the parties agree to the Court's certification of the following Classes under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23:

   a. **FLSA Collective Class**: All persons who: (1) are employed or have been employed at any time during the three years preceding the

filing of this lawsuit by Pan-O-Gold Baking Company at its Sun Prairie, Wisconsin facility in a position that was classified as non-exempt from overtime wages; (2) had portions of breaks of less than 20 minutes deducted from their pay by Pan-O-Gold Baking Company; and (3) consented to participate by filing a consent form with the Court.

b. **Wisconsin Unpaid Wage Class:** All persons who: (1) are employed or have been employed at any time during the two years preceding the filing of this lawsuit by Pan-O-Gold Baking Company at its Sun Prairie, Wisconsin facility in a position that was classified as non-exempt from overtime wages; and (2) had portions of breaks of less than 30 minutes deducted from their pay by Pan-O-Gold Baking Company.

For purposes of this Agreement, the putative members of these Classes shall include only the individuals named in **Exhibit A** of this Agreement. The "Final Classes" will consist of all members of these Classes, excluding any Class Member who opts out of the Agreement as provided herein.

2. **PAYMENTS**. Defendant shall pay the sum of $112,500.00, to be apportioned as follows:

   a. $82,251.91 payable to members of the Final Classes, with each member to receive a pro rata share of this amount based on their alleged damages, calculated as follows:

      1. Damages for each class member for a given week shall be calculated by multiplying the number of unpaid break hours worked by that member in that week by the member's hourly rate of pay in that week, then multiplying that figure by 1.5 if the member worked more than 40 hours in that week, including any unpaid break hours.

      2. Each class member's initial "Award Share" shall be calculated by adding the class member's weekly damages for all weeks that fall within the applicable statutory period, adjusted as follows:

         i. Members of the FLSA Collective Class shall receive credit for 75 percent of all weekly damages for weeks

3

  falling within the two-year liability period and 50 percent of all weekly damages for weeks falling within the third-year liability period. These damages shall be liquidated at a rate of 50 percent.

  ii. Members of the Wisconsin Unpaid Wage Class shall receive credit for 75 percent of all weekly damages for weeks falling within the two-year liability period. These damages shall be liquidated at a rate of 25 percent.

3. Each Final Class member's initial Award Share shall be adjusted to provide a minimum award of $25.00 to each member as follows:

    i. The initial Award Share of each Final Class member with an initial Award Share of less than $25.00 shall be increased to $25.00.

    ii. Each Final Class member whose initial Award Share is greater than $25.00 will be assigned a pro rata percentage based on the ratio of the member's initial Award Share to the sum of this group's initial Award Shares. The member's final Award Share shall be calculated by multiplying the member's pro rata percentage by the Final Classes' share of the settlement fund after all $25.00 awards have been deducted.

    iii. Should any recalculated Award Share be less than $25.00, this process shall be repeated until no Award Shares are less than $25.00.

4. Each Final Class member's final Award Share shall then be divided into a portion representing allegedly unpaid wages and a portion representing liquidated damages as follows:

    i. "Wages": For each member of the FLSA Collective Class, two-thirds of the Award Share shall be deemed wages and reported on an IRS Form W-2 by Defendant. For each member of the Wisconsin Unpaid Wage Class, four-fifths of the Award Share shall be deemed wages and reported on an IRS Form W-2 by Defendant.

    ii. "Liquidated Damages": The remainder of each Final Class member's award shall be deemed liquidated damages and reported on an IRS Form 1099 by Defendant.

    b. $500.00 payable to Aziza Nelson as a Service Award for her efforts in resolving this matter individually and on behalf of the Final Classes, subject to Court approval. Defendant agrees that it will not oppose Class Counsel's petition for a Service Award in this amount. Defendant agrees to issue Nelson an IRS Form 1099 in the amount of the Service Award.

    c. $26,748.09 payable to Hawks Quindel, S.C. as reasonable attorney fees incurred by Class Representative in this matter, and $3,000.00 payable to Hawks Quindel, S.C. as litigation and settlement administration costs and expenses, subject to Court approval. Defendant agrees that it will not oppose Class Counsel's petition for attorney fees, costs, and expenses provided the total attorney fees, costs, and expenses do not exceed $29,748.09. Defendant agrees to issue Hawks Quindel, S.C. an IRS Form 1099 in the amount of all attorney fees, costs, and expenses awarded by the Court and paid by Defendant.

    d. If the Court awards less than $500.00 for the Service Award, $26,748.09 for attorney fees, or $3,000.00 for litigation and settlement administration costs and expenses, the difference between the amounts requested and the amounts awarded shall be added to the settlement proceeds to be distributed to the Final Classes in the method described in § 2.a of this Agreement, with each member to receive a pro rata share of any additional amounts.

    e. Calculations of the Final Class members' individual awards shall be included in an attachment to the parties' Motion for Preliminary Approval. These calculations shall be subject to modification pursuant to § 2.d.

    f. Any unclaimed settlement funds shall be paid in accordance with § 11 of this Agreement.

3. **EFFECTIVE DATE**. The Effective Date of this Agreement shall be the date of the entry of the Court's final order and judgment approving this Agreement ("Final Order") if no objections to the settlement are made by the time of the fairness hearing. If valid objections to this Agreement, as provided herein, have been made by the time of the fairness hearing, the Effective Date shall be the later of:

5

    a. If no appeal has been taken from the Final Order, the date of the expiration of the time to appeal from the Final Order.

    b. If an appeal has been taken from the Final Order, the date upon which all appeals, including petitions for leave to appeal, certiorari, rehearing, or any proceedings resulting therefrom, have been finally disposed of in such a manner that the Agreement is affirmed in its entirety and the settlement may be consummated without change.

The parties waive their rights to appeal any Final Order approving this Agreement.

4. **SETTLEMENT PAYMENTS**. Within 21 days of the Effective Date, Defendant shall remit the following to Class Counsel at Hawks Quindel, S.C., Attn: Aaron Bibb, P.O. Box 2155, Madison, WI 53701:

    a. A check payable to each member of the Final Class in the amount of the portion of that member's award deemed Wages, less required withholdings and payroll taxes.

    b. A check payable to each member of the Final Class in the amount of the portion of that member's award deemed Liquidated Damages.

    c. A check payable to Class Representative in the amount of the Service Award approved by the Court.

    d. A check payable to Hawks Quindel, S.C. in the amount of attorney fees, costs, and expenses approved by the Court.

All checks shall state that they must be cashed within 180 days of issuance.

Within 14 days of receipt of these checks, Class Counsel shall send all Wages and Liquidated Damages checks to all members of the Final Classes via first-class U.S. mail. For all checks returned as undeliverable, Class Counsel shall perform a "skip trace" or other appropriate identification method to identify proper current addresses and shall re-mail the checks to all such Final Class members. If Class Counsel remains unable to identify the proper current addresses of any Final Class members, Defendant shall provide partial Social Security numbers or other

identifying information for those Final Class members upon Class Counsel's request. Class Counsel shall send Defendant a list of all checks that were returned as non-deliverable. After the conclusion of the 180-day check-cashing period, Defendant shall send Class Counsel a list of all Wages and Liquidated Damages checks that have not been cashed.

5. **RELEASE OF CLAIMS FOR FLSA COLLECTIVE CLASS**. Upon the Effective Date, each member of the FLSA Collective Class who has opted in to the FLSA collective in the Lawsuit and who has not opted out of this Agreement as provided herein, including their present, former, and future agents, representatives, attorneys, heirs, administrators, executors, assigns, or other person acting on their behalf or for their benefit, hereby releases and discharges Defendant and its predecessors and successors in interest, and its present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendant performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, or demands, known or unknown at the time, that the class member now has or ever has had against the Releasees under the FLSA arising out of Defendant's practices regarding unpaid break time during the three years preceding the filing of the class member's consent form.

6. **RELEASE OF CLAIMS FOR STATE-LAW CLASSES**. Upon the Effective Date, each member of the Wisconsin Unpaid Wage Class who has not opted out of this Agreement as provided herein, including their present, former, and future agents, representatives, attorneys, heirs, administrators, executors, assigns, or other person acting on their behalf or for their benefit, hereby releases and discharges Defendant and its predecessors and successors in interest, and its present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendant performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, or demands, known or unknown at the time, that the class member now has or ever has had against the Releasees under Wisconsin law arising out of Defendant's practices regarding unpaid break time during the two years preceding the filing of the Lawsuit.

7. **JOINT MOTION FOR PRELIMINARY APPROVAL**. The parties shall jointly prepare a motion for preliminary approval of this Agreement no later than **May 5, 2023**, which will include a proposed order that:

　　a. Preliminarily approves this Agreement as fair, reasonable, and adequate.

　　b. Certifies the Wisconsin Unpaid Wage Class pursuant to Federal Rule of Civil Procedure 23 for the purpose of settlement.

　　c. Certifies the FLSA Collective Class pursuant to 29 U.S.C. § 216(b) for the purpose of settlement.

d. Appoints Aziza Nelson as Class Representative.

e. Appoints Hawks Quindel, S.C. as Class Counsel.

f. Directs notice to the class in the form of **Exhibit B** attached to this agreement ("Class Notice") for distribution to all members of the FLSA Collective Class and the Wisconsin Unpaid Wage Class, in the manner described in § 9 of this Agreement.

g. Finds that the Class Notice constitutes the best notice practicable under the circumstances.

h. Directs that each Class Member who wishes to be excluded from the settlement must request exclusion no later than 45 days after the mailing of the Class Notice per the instructions set forth in the Class Notice (the "Notice Period"), and that their request must be received by the date set forth in the Court's preliminary approval order.

i. Directs Class Counsel to file any request for exclusion with the Court.

j. Directs that each Class Member who has not properly and timely requested exclusion shall be bound by this Agreement if the Court grants final approval to this Agreement.

k. Schedules a fairness hearing no sooner than 100 days after the Court's preliminary approval order to determine whether this Agreement should be approved as fair, reasonable, and adequate.

l. Directs the parties to submit a motion for final approval at least 21 days prior to the fairness hearing.

m. Directs Class Counsel to file a motion for attorney fees, costs, and expenses at least 21 days prior to the fairness hearing.

n. Directs any Class Member who wishes to object in any way to the proposed Agreement to file and serve such written objection per the instructions set forth in the Class Notice no later than 45 days after the mailing of the Class Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly and timely served copies of their objections.

8. **CAFA NOTICE.** Within 10 days of filing the motion for preliminary approval, Defendant shall file notice of the proposed settlement with all appropriate federal and state officials as required by 28 U.S.C. § 1715(b).

9. **NOTICE PROCEDURE**. Within 14 days of the Court's preliminary approval order, Class Counsel shall deliver a printed copy of the Class Notice, as approved by the Court, to each Class Member by first-class U.S. mail, as well as an electronic copy of the Class Notice to each Class Member for whom Defendant has provided an email address. For all printed Class Notices returned as undeliverable, Class Counsel shall perform a "skip trace" or other appropriate identification method to identify proper current addresses and shall re-mail the Class Notice to all such Class Members. To assist Class Counsel in identifying proper current addresses, Defendant shall provide partial Social Security numbers or other identifying information for those Class Members upon Class Counsel's request. If Class Counsel is unable to identify an alternative address for any Class Member whose printed copy of the Class Notice is returned, or if a second Class Notice sent to any Class Member is returned as undeliverable, the parties shall be deemed to have satisfied their obligation to provide the applicable Class Notice to that Class Member.

10. **JOINT MOTION FOR FINAL APPROVAL**. The parties shall jointly prepare a proposed motion for final approval, which will include a proposed order that:

   a. Certifies the Wisconsin Unpaid Wage Class pursuant to Federal Rule of Civil Procedure 23 for the purpose of judgment on the proposal.

   b. Certifies the FLSA Collective Class pursuant to 29 U.S.C. § 216(b) for the purpose of judgment on the proposal.

    c. Approves this Agreement as fair, reasonable, and adequate.

    d. Declares this Agreement to be binding on Defendant, Class Representative, and the members of the Final Classes.

    e. Dismisses the Lawsuit with prejudice and without further costs to either party.

    f. Dismisses the released claims of the Final Classes with prejudice and without further costs to either party.

    g. Dismisses without prejudice the claims of any Class Members who have properly and timely excluded themselves from this Agreement.

    h. Awards Class Representative a $500.00 service award.

    i. Awards Class Counsel $26,748.09 in attorney fees and $3,000 in litigation and settlement administration costs and expenses.

    j. Incorporates this Agreement into the Court's judgment for the purpose of retaining jurisdiction to enforce the Agreement.

11. **UNCLAIMED SETTLEMENT FUNDS**. Any settlement funds remaining unclaimed at the end of the 180-day check-cashing period, whether due to a Final Class member's failure to timely cash their check, Class Counsel's inability to locate a Final Class member, or any other reason, shall be paid to the Second Harvest Food Bank of Southern Wisconsin, 2802 Dairy Drive, Madison, Wisconsin 53718.

12. **AGREEMENT NULL AND VOID UPON CERTAIN CONDITIONS**. If the Court declines to approve this Agreement, then this Agreement shall be null and void and the Lawsuit will continue pursuant to a schedule to be set by the Court with all parties and putative Class Members retaining all claims and defenses that existed at the time of settlement. This paragraph shall not take effect if the Court orders any changes to this Agreement that do not affect its material terms.

Defendant maintains the right, in its sole discretion, to revoke this Agreement and its stipulation to class certification prior to the final fairness hearing in the event that seven percent (7%) or more of the eligible Class Members opt out of the settlement.

13. **NO ADMISSION OF LAW OR FACT**. If this Agreement becomes null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply. The parties agree that no party has made any admission of law or fact, or combination thereof, in this Agreement.

14. **NO ADMISSION OF LIABILITY OR LACK OF MERIT**. Neither this Agreement nor any negotiations shall be construed, offered, received as, or deemed to be evidence of an admission or concession by any party regarding the merits of the Lawsuit or any liability or wrongdoing, whether alleged in the Complaint or otherwise.

15. **ENTIRE AGREEMENT**. The parties acknowledge that this Agreement constitutes the entire agreement among the parties and includes all representations of every kind and nature made by any party to any other party. Any other earlier or contemporaneous oral or written agreement regarding the Agreement's subject matter shall have no force or effect.

16. **AMENDMENTS.** The parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them.

17. **AGREEMENT NOT TO BE CONSTRUED AGAINST ANY PARTY**. The parties agree that no party shall be deemed to have drafted this Agreement in the

event that any provision of this Agreement must be construed to determine its meaning.

18. **COUNTERPARTS**. This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument. Any facsimile, PDF, or other electronic signature to this Agreement shall be treated and deemed as an original signature.

19. **AUTHORITY**. Each person executing this Agreement on behalf of any party hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

20. **AGREEMENT TO COOPERATE FOR APPROVAL OF SETTLEMENT**. The parties agree to cooperate and provide their best efforts in seeking the Court's approval of this Agreement and in implementing its terms. The parties shall cooperate in taking any steps that may be necessary or may be requested by the Court to obtain final approval of this Agreement.

21. **WAIVER OF CLAIMS FOR ATTORNEY FEES**. Class Representative hereby waives, discharges, and releases the Releasees from any and all claims for attorney fees, costs, or expenses, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case, except for any attorney fees, costs, or expenses that may be awarded by the Court, and except for any attorney fees, costs,

and expenses incurred upon any appeal of the Court's order granting final approval to this Agreement.

22. **CHOICE OF LAW**. Where state law applies, this Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin.

**\*\*\***

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with the intent to be legally bound by its terms and conditions.

Date: _____   By: _____

　　　　　　　　　　　　　　　　Printed Name: Aziza Nelson

　　　　　　　　　　　　　　　　Title: Class Representative

Date: _____   By: _____

　　　　　　　　　　　　　　　　Printed Name: _____

　　　　　　　　　　　　　　　　Title: _____

　　　　　　　　　　　　　　　　For Pan-O-Gold Baking Company

**REVIEWED AND APPROVED AS TO FORM:**

**HAWKS QUINDEL, S.C.**

By: _____

Printed Name: David C. Zoeller

Title: Class Counsel

**Quarles & Brady, LLP**

By: _____

Printed Name: Christopher L. Nickels

Title: Attorneys for Defendant